# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:21-cr-194 |
| RAHEEM DASHEEN JACKSON | |

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion in Limine, doc. 21, and Motion to Suppress, doc. 23. The Government filed Responses in Opposition to Defendant's motions. Docs. 25, 26. The Court held a hearing on Defendant's motions on March 23, 2022. For the reasons that follow, I **DENY** Defendant's Motion in Limine. Doc. 21. I also **RECOMMEND** the Court **DENY** Defendant's Motion to Suppress. Doc. 23.

## BACKGROUND

Defendant has been indicted on one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). Doc. 1. These charges stem from a traffic stop conducted by Chatham County Police on January 6, 2021. Immediately after the traffic stop was initiated, Defendant ran from the vehicle. A chase on foot ensued. After Defendant was apprehended, officers found a gun that had been dropped along the flight path. The Government alleges Defendant possessed the gun (and a liquor bottle) when he exited the vehicle, but dropped the items on the ground during the foot chase. Defendant's alleged possession of the gun forms the basis of the charge against him.

**DISCUSSION**

Defendant filed a Motion in Limine and Motion to Suppress. Docs. 21, 23. The Court conducted a hearing on March 23, 2022 concerning Defendant's motions. At the hearing, the Court heard testimony from three members of the Savannah Police Department. The undersigned's Order and Report and Recommendation is based on the entire record before the Court, including the parties' written submissions as well as evidence and argument presented at the March 23, 2022 hearing.

**I.  Defendant's Motion in Limine**

Defendant seeks a pretrial ruling precluding the Government from offering evidence of Defendant's prior convictions. Doc. 21. At the hearing, the parties indicated the use of prior convictions for impeachment purposes had been resolved. However, the parties dispute whether Government can introduce evidence of Defendant's robbery conviction from 2015.[1] Defendant argues the evidence should not be admitted under Federal Rule of Evidence 404(b). The Government argues evidence of the facts of the 2015 offense is admissible to show Defendant's intent, knowledge, or absence of mistake. This issue was not specifically addressed in the briefs, but the parties argued it at the hearing.

Rule 404(b) prohibits evidence of any other crime to prove "a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, the evidence may be admissible for another purpose, including proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake,

---

[1] There is some dispute about the precise circumstances of the offense that gave rise to the 2015 robbery conviction. The Government contends Defendant brandished a firearm during the commission of that offense; Defendant argues he was convicted for robbery only, which did not require proof of possession of a firearm. At a minimum, the Government contends it will be able to present two witnesses that will testify Defendant possessed a firearm during the commission of the 2015 robbery.

2

or lack of accident." Fed. R. Evid. 404(b)(2).  To be admissible under Rule 404(b), "(1) the evidence must be relevant to an issue other than the defendant's character; (2) sufficient evidence must be presented to allow a jury to find that the defendant committed the extrinsic act; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice." United States v. Sterling, 738 F.3d 228, 238 (11th Cir. 2013).  The third prong is, at its core, a Rule 403 analysis.  Huddleston v. United States, 485 U.S. 681 (1988).  Under Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

The Government argues Defendant's 2015 robbery conviction is admissible under Federal Rule of Evidence 404(b) as evidence of intent, knowledge, and absence of mistake since Defendant has pleaded not guilty to the pending charge.  The Government contends it can show Defendant committed the extrinsic act and argues the probative value of this evidence would not be substantially outweighed by any prejudice.  The Government argues the previous conviction, which allegedly involved Defendant's possession of a gun during commission of a robbery, makes it more likely Defendant was the one who possessed and then discarded the gun during his flight from police on January 6, 2021.

Defendant did not oppose the Government's position that evidence of the 2015 conviction could be used to show absence of mistake and that Defendant committed the extrinsic act.  Instead, Defendant argues the probative value of the conviction is substantially outweighed by its prejudice, particularly because Defendant pleaded guilty only to simple robbery.  Defendant argues allowing evidence of the facts of the 2015 conviction at trial would lead to a mini-trial on the facts of the 2015 robbery conviction, which would take focus away from the

3

current charge. Defendant argues this prejudice would be high, since the jury would likely seek to punish him for the 2015 robbery as opposed to being a felon in possession of a firearm in 2021.

Under Rule 403 a court should only exclude relevant evidence if "the probative value is substantially outweighed by a danger of . . . *unfair* prejudice. Fed. R. Evid. 403 (emphasis added). Indeed, "exclusion under Rule 403 is an extraordinary remedy that should be used sparingly." United States v. Kapordelis, 569 F.3d 1291, 1313 (11th Cir. 2009). The Government represents it intends to present two witnesses to testify about Defendant's conduct in the 2015 robbery to demonstrate Defendant's intent to commit the current charged offense. Defendant has pleaded not guilty, and has placed his intent at issue. See United States v. Mobley, 322 F. App'x 793, 796 (11th Cir. 2009) ("A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence . . . .") (quoting United States v. Edouard, 485 F.3d 1324, 1346 (11th Cir. 2007)).

As part of the Government's case, it is required to prove defendant knowingly possessed a firearm by actual or constructive possession. United States v. Ochoa, 941 F.3d 1074, 1104 (11th Cir. 2019). Actual possession occurs when defendant had direct physical control of the item, while constructive possession occurs when "the defendant was aware or knew of the firearm's presence and had the ability and intent to later exercise dominion and control over the firearm." Id. Defendant's previous charge, in which he wielded a gun during a robbery, makes it more or less likely he had the ability and intent to exercise control over the firearm found along the flight path. Thus, the evidence does have some probative value due to the prosecution's real need to introduce evidence to establish knowing possession.

Although this evidence could create some prejudice to Defendant, the confusion would be minimal. To the extent there is any prejudice, it will not substantially outweigh the probative value of Defendant's 2015 conduct to the issue of intent. Though Defendant expressed concerns the evidence about the prior charge taking over the trial about illegal possession, the Government only plans to offer at most two witnesses to testify to Defendant's possession of a gun during the 2015 robbery. Such testimony can be limited to only what is essential to prevent any re-litigating of facts. Furthermore, any risk of jury confusion or prejudice arising from evidence of the 2015 conduct can reduced by a limiting instruction. United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005). Thus, there are adequate ways to mitigate any jury confusion and unfair prejudice which could arise due to the introduction of this evidence. Accordingly, I **DENY** Defendant's Motion in Limine. Doc. 21.

## II.     Defendant's Motion to Suppress

Defendant seeks to suppress certain evidence obtained in connection with Defendant's arrest on January 6, 2021. Doc. 23-1 at 1. Defendant argues the officers effectuating the arrest lacked probable cause to believe Defendant committed a crime, and, therefore, all evidence obtained as result of the illegal arrest should be suppressed. Id. Specifically, Defendant argues all evidence obtained after the arrest, including Defendant's identity, statements he made in the police car while detained, and telephone calls he made from Chatham County Jail, should be suppressed because the evidence was tainted by the lack of probable cause at the time of the arrest. Doc. 23-1 at 7. At the March 23, 2022 hearing, Defendant conceded the gun and the liquor bottle found along Defendant's flight path should not be suppressed because they were abandoned during the pursuit and prior to Defendant's arrest.[2]

---

[2]     Even if Defendant had not conceded this point, it is clear that these items should not be suppressed. See California v. Hodari, 499 U.S. 621, 629 (1991).

The Government opposes Defendant's Motion to Suppress, arguing the arresting officers made a valid traffic stop based on probable cause. Doc. 25 at 3. The Government argues those officers were entitled to extend the traffic stop beyond the traffic violation when Defendant fled from the vehicle, creating reasonable suspicion criminal activity was afoot. Doc. 25 at 5.

### A.  Proposed Findings of Fact Related to the Arrest

On January 6, 2021, Officer Alan Contreras initiated a routine traffic stop on a Saturn Vue with an improper tag. Doc. 23-1 at 2. Officer Contreras initiated the stop at the corner of Googe Street, north of Windburn Street, in Savannah, Georgia. Id. Once the vehicle stopped, the person in the front passenger seat (later identified as Defendant) exited and began to run. Id. Officer Contreras ordered the driver to remain in the vehicle and began running after Defendant. Id. While in pursuit, Officer Contreras instructed Defendant to stop multiple times. Id. Officer Contreras saw Defendant discard a liquor bottle and reach to his waistband. At some point, Officer Contreras fell during the pursuit. Id.

Detective Joseph Altomere and Officer Keel, operating in plainclothes capacity, witnessed the foot pursuit and joined in the chase. Doc 23-1 at 2. Detective Altomere testified he saw Defendant holding his waistband in a manner consistent with someone holding the handle of a pistol. Because Defendant was fleeing from a traffic stop and appeared to be holding a gun, Detective Altomere believed criminal activity was taking place. Detective Altomere and Officer Keel ultimately apprehended Defendant and arrested him. Doc. 23-1 at 2. After the arrest, officers found a pistol along the flight path, approximately 75 to 100 feet from where Defendant was apprehended.

**B.     Analysis**

"The right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.  An arrest is a seizure of a person, so it must be reasonable under the circumstances.  See Payton v. New York, 445 U.S. 573, 585 (1980).  "A warrantless arrest is reasonable if the officer has probable cause to believe that the suspect committed a crime in the officer's presence."  District of Columbia v. Wesby, 138 S. Ct. 577, 586 (2018).

However, probable cause is not a high bar.  Id.  "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime."  United States v. Gonzalez, 969 F.2d 999, 1002 (11th Cir. 1992).  "Probable cause does not require overwhelmingly convincing evidence, but only reasonably trustworthy information."  Ortega v Christian, 85 F.3d 1521, 1525 (11th Cir. 1996) (quoting Marx v. Gumbinner, 905 F.2d 1503, 1506 (11th Cir. 1990)).  "[I]t does not require convincing proof, and need not reach the same standard of conclusiveness and probability as the facts necessary to support a conviction."  United States v. Dunn, 345 F.3d 1285, 1290 (11th Cir. 2003).

Defendant exited the vehicle and began fleeing before Officer Contreras made it to the driver's door.  Doc. 25-1 at 1.  Defendant's immediate flight from Officer Contreras and the vehicle strongly suggested wrongdoing.  See Illinois v. Wardlow, 528 U.S. 119, 124–25 (2000) ("Headlong flight—wherever if occurs—is the consummate act of evasion: it is not necessarily indicative of wrongdoing, but it is certainly suggestive of such.").  Additionally, both Officer

Contreras and Detective Altomere witnessed Defendant holding his waistband as if he were holding the handle of a gun.  Defendant's physical movements suggested Defendant was attempting to conceal a gun, which increased the likelihood of criminal activity, beyond the facts that supported the initial traffic stop.  Considering the unprovoked flight from the car with the indication of a hidden gun, the officers made the reasonable inference Defendant was engaged in criminal activity.

At the hearing, Defendant argued the officers could not have had grounds to arrest him for illegal possession of a gun because the officers had only witnessed Defendant fleeing a car and discarding an empty liquor bottle.  Defendant argues, at best, the officers had probable cause to arrest him for littering.  Defendant's argument is unpersuasive.  The question is not whether the officers had conclusive proof a crime was happening.  See Dunn, 345 F.3d at 1290.  The question is whether the officers had reasonably trustworthy information which would warrant a reasonable belief of a crime being committed.  The officers witnessed Defendant's headlong flight from a traffic stop and Defendant holding his waistband as if he were concealing a weapon.  These circumstances, which all arose before Defendant's arrest, were enough to constitute probable cause to believe Defendant had committed a crime.[3]  Accordingly, I **RECOMMEND** the Court **DENY** Defendant's Motion to Suppress.  Doc. 23.

---

[3] Additionally, the arresting officers located the firearm on Defendant's flight path almost immediately after detaining him.  The officers testified the firearm appeared to have been recently discarded on the ground in a residential neighborhood.  The officers also interviewed the occupant of the house on the property where the gun was found, and the occupant confirmed there would be no reason for a firearm to be present.  At that point, the officers plainly had probable cause to believe Defendant had committed a crime.  The timing is material because it does not appear any of the evidence Defendant seeks to suppress was obtained in the time between the officers apprehending Defendant and whey the officers discovered the discarded firearm.

**CONCLUSION**

For the foregoing reasons, **DENY** Defendant's Motion in Limine. Doc. 21. I also **RECOMMEND** the Court **DENY** Defendant's Motion to Suppress and allow the Government to use all information and evidence obtained subsequent to the arrest as appropriate. Doc. 23.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint or argument raised in briefing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 27th day of April, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA