# In the United States District Court
# For the Southern District of Georgia
# Savannah Division

UNITED STATES OF AMERICA,     \*
                        \*
                        \*      CASE NO.: 4:21-cr-194
                        \*
     v.                   \*
                        \*
RAHEEM DASHEEN JACKSON,    \*
                        \*
     Defendant.           \*

## O R D E R

The Magistrate Judge issued an Order and Report and Recommendation, dkt. no. 40, denying Defendant's Motion in Limine, dkt. no. 21, and recommending denial of Defendant's Motion to Suppress, dkt. No. 23.  Defendant filed Objections to both rulings.  Dkt. No. 44.

**I.   Motion in Limine Objections**

The Magistrate Judge's denial of Defendant's Motion in Limine is a ruling on a nondispositive matter.  Fed. R. Crim. P. 59(a).  When considering a party's objections to a magistrate judge's ruling on a nondispositive matter, a district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.  Otherwise, the magistrate judge's ruling stands.  "A ruling is clearly

AO 72A
(Rev. 8/82)

erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, No. 4:12-CV-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, No. CIVA 07-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)).  A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." Id. (citations omitted).

In the Motion in Limine, Defendant asked the Court to preclude the Government from offering evidence of Defendant's prior 2015 armed robbery conviction, arguing the evidence is inadmissible under Federal Rule of Evidence 404(b).  The Magistrate Judge concluded the prior-conviction evidence meets all three prongs for admissibility under Rule 404(b).  Relevant to the Defendant's objections, the third prong requires the Court to perform a Rule 403 analysis.  The Magistrate Judge conducted that analysis and concluded any prejudice or confusion arising from the admission of the evidence would not substantially outweigh the probative value of the evidence.

Defendant asserts the Magistrate Judge improperly performed the 403 balancing test and points to Old Chief v. United States, 519 U.S. 172 (1997), as support for this proposition.  Dkt. No. 44 at 5-6.  In Old Chief, to prove the defendant's prior felony

conviction, the Government sought to introduce the name and nature of defendant's prior assault conviction.  519 U.S. at 175.  Defendant offered to stipulate to a jury instruction which said he had been convicted of a crime punishable by imprisonment exceeding one year.  Id.  The district court and circuit court denied this request, and the United States Supreme Court reversed.  Id. at 177-78.

The crucial difference between this case and Old Chief is the prosecution in Old Chief was using the disputed evidence to prove the prior-conviction element raised by 18 U.S.C. § 922(g)(1), and the proposed stipulation fully satisfied the element.  Here, the Government is seeking to use the prior conviction as 404(b) evidence of intent, knowledge, or absence of mistake related to the actual or constructive possession requirement.  Dkt. No. 40 at 4.  Unless Defendant stipulates to knowing or intentional possession (which he has not), the Government will still need to prove that element.  Therefore, Old Chief is not instructive on this issue.  The Magistrate Judge appropriately applied the 403 analysis portion of the 404(b) evidence, and that conclusion is not clearly erroneous or contrary to law.  Thus, the Court **OVERRULES** Defendant's Objections to the Magistrate Judge's Order on Defendant's Motion in Limine.

AO 72A
(Rev. 8/82)

## II.  Motion to Suppress Objections

The Magistrate Judge's recommendation that the Court deny Defendant's Motion to Suppress concerns a dispositive matter. Fed. R. Crim. P. 59(b).  When considering a party's objections to a magistrate judge's recommendation on a dispositive matter, the district judge must "consider de novo any objection to the magistrate judge's recommendation."  Id.

In the Motion to Suppress, Defendant asks the Court to suppress evidence obtained in connection with Defendant's January 6, 2021 arrest.  The Magistrate Judge made proposed findings of fact, and, based on those proposed findings, concluded the arresting officers had probable cause to believe Defendant had committed a crime and, therefore, probable cause to arrest Defendant.  The Magistrate Judge recommends denial of Defendant's Motion to Suppress.

Defendant objects to the Magistrate Judge's recommendation. Defendant argues the Magistrate Judge improperly conflated reasonable suspicion required for a Terry stop and the probable cause required for an arrest.  Defendant argues the Magistrate Judge and the Government failed to identify a specific crime for which probable cause to arrest existed.  Dkt. No. 44 at 3. Additionally, Defendant argues his case is similar to United States v. Howard, 423 F. Supp. 3d 493 (M.D. Tenn. 2019), in

.

which a court found the defendant was arrested, not detained, and therefore probable cause was required.  Id. at 4.

The Court has conducted an independent and de novo review of the record.  The record shows Defendant was a passenger in a vehicle on January 6, 2021, when officers initiated a valid traffic stop for an improper tag.  Defendant immediately exited the vehicle and began running, while clutching the waistband of his pants in a manner consistent with someone holding the handle of a pistol.  Officers observed Defendant's flight and mannerisms and initiated a foot chase.  Officers saw Defendant discard a liquor bottle during the chase.  Officers instructed Defendant to stop running multiple times during the chase, but Defendant refused.  All of these facts were known to the officers at the time Defendant was arrested.  The Magistrate Judge considered all of these facts, and concluded the officers had probable cause to believe Defendant had committed a crime and, therefore, probable cause to arrest Defendant.  Because the officers had probable cause to arrest Defendant, the evidence the officers obtained in connection with that arrest should not be suppressed.

Defendant's challenges to the Magistrate Judge's recommendation are misplaced.  Defendants argue the Magistrate Judge conflated reasonable suspicion with probable cause. Defendant is mistaken.  The Magistrate Judge clearly analyzed

AO 72A
(Rev. 8/82)

whether probable cause existed based on the totality of all the circumstances.[1]  Dkt. No. 40 at 7-8.  Defendant argues the Magistrate Judge erred by not identifying a particular crime in his analysis, but identification of a specific crime is not required.  "[P]robable cause does not need to exist for the specific crimes charged, so long as probable cause exists to believe that Plaintiff committed some offense, any offense, no matter how minor."  Perez v. School Bd. of Miami-Dade Cnty., Fla., 917 F. Supp. 2d 1261, 1267 (S.D. Fla. 2013) (citing Devenpeck v. Alford, 543 U.S. 146, 153 (2004)).  Additionally, based on the record before the Court, the arresting officers had probable cause to arrest Defendant for a range of offenses, including: Carrying a Firearm without a License, O.C.G.A. § 16-11-126(h)(1); Open Container, O.C.G.A. § 40-6-253(b)(1)(B); Affixation of a License Plate with Intent to Conceal, O.C.G.A. § 40-2-7; and, Hindering Law Enforcement Officers, O.C.G.A. § 16-10-24.  See Dkt. No. 25 at 6, n.5.

Defendant points to United States v. Howard, 423 F. Supp. 3d 493 (M.D. Tenn. 2019), as support for his contention the

---

[1]     Defendant's objections may arise from the Magistrate Judge's use to the term "reasonable" in his Report and Recommendation.  However, governing caselaw frequently uses the term "reasonable" in articulating the probable cause standard. See, e.g., Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996) ("Probable cause does not require overwhelmingly convincing evidence, but only reasonably trustworthy information.") (emphasis added).  The Magistrate Judge correctly cited to and relied on this caselaw.

Magistrate Judge applied the incorrect standard.  <u>Howard</u> does not compel a different result.  In <u>Howard</u>, the court applied a probable cause standard after determining an arrest occurred. 423 F. Supp at 498.  Here, the Magistrate Judge applied the probable cause standard as required.  Thus, the Court **OVERRULES** Defendant's Objections to the Magistrate Judge's recommendation on Defendant's Motion to Suppress.

After an independent and de novo review of the record, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court, **OVERRULES** Defendant's Objections, and **DENIES** Defendant's Motion to Suppress.  Dkt. No. 23. Furthermore, the Magistrate Judge's Order on Defendant's Motion in Limine remains the Order of the Court.

**SO ORDERED**, this ____6____ day of June, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)